Paul Piikkila, Plaintiff-Appellant,
v.
Tim Loritz d/b/a Tim's Quality Home Restoration, Defendant-Respondent.
No. 03-2320-FT.
Court of Appeals of Wisconsin.
Dated and Filed: February 17, 2004.
PETERSON, J.[1]
¶1. Paul Piikkila's home was damaged by hail, and he contracted with Tim Loritz[2] to repair the damage. A dispute arose regarding who was entitled to a check from Piikkila's insurance company payable to both Piikkila and Loritz. The trial court concluded that Piikkila was entitled to the money. However, Piikkila appeals the court's further judgment that he was not entitled to double damages and attorney fees. We affirm the judgment.

BACKGROUND
¶2. Piikkila had homeowner's insurance through Travelers Company.[3] Travelers valued Piikkila's hail damage loss at $18,635.69. The coverage had a $250 deductible, so Travelers would pay $18,385.69 for repairs.
¶3. Piikkila hired Loritz to do the repair work. Four separate contracts governed the repairs, totaling $15,404.34, or $2,981.35 less than Travelers was to pay for the damage. Loritz completed the repairs and Piikkila paid the contract price on all four contracts.
¶4. The last check Travelers issued was for $1,312.36 and was made payable to both Piikkila and Loritz. Loritz claimed that before he and Piikkila signed the contracts, they agreed that Piikkila would give Loritz the extra insurance money. This agreement was not in writing.
¶5. Neither party would sign the check over to the other. Piikkila filed this claim after he received a demand letter from Loritz's attorney regarding the check. The check was put into escrow pending determination of the action.
¶6. The circuit court ruled that Piikkila was entitled to the extra money because the agreement to give the money to Loritz was not in writing, as required by the Home Improvement Law, found in Wis. Admin. Code § ATCP 110.05. This ruling is not disputed. However, the court declined to award Piikkila double damages or attorney fees under Wis. Stat. §§ 100.20(5) or 427.104(1)(j) . The court determined Piikkila did not suffer any pecuniary loss and that Loritz did not know or have reason to know that Loritz was entitled to the money. Piikkila appeals this portion of the judgment.

DISCUSSION
¶7. This appeal involves construction of Wis. Stat. §§ 100.20(5) and 427.104(1)(j), a question of law that we review independently. See State v. Isaac J.R., 220 Wis 2d 251, 255, 582 N.W.2d 476 (Ct. App. 1998). However, the trial court's factual findings must be upheld unless they are clearly erroneous. Wis. Stat. § 805.17(2).
¶8. Piikkila first argues he is entitled to double damages and attorney fees under Wis. Stat. § 100.20(5), which allows recovery of double damages when there is a pecuniary loss resulting from a violation of the Home Improvement Code.[4] Piikkila argues Loritz violated the code by demanding additional money from Piikkila beyond what was specified in the written contract. See Wis. Admin. Code §§ ATCP 110.05(2)(c), 110.02(6)(k). Further, Loritz would not sign the check over to Piikkila but instead maintained he was entitled to the money. Thus, Piikkila argues he was deprived of money to which he was legally entitled, and therefore he suffered a pecuniary loss in the amount of the check.
¶9. We agree with the trial court that Loritz did not cause Piikkila any pecuniary loss. As the trial court stated in its opinion, "There's no question that Mr. Lortiz' name should not have been on the last check, but that was a problem with the insurance company. I don't know why they breached their obligation to the insured." The dispute here is one that Piikkila could have resolved with Travelers. For example, the insurance policy provided that all payments would be made to Piikkila. Piikkila could have contacted Travelers and asked it to cancel the previous check and issue another one made out only to Piikkila. Travelers, and to some degree Piikkila, but not Loritz, was responsible for any delay in Piikkila receiving his money.
¶10. Piikkila also argues that he is entitled to costs and attorney fees under Wis. Stat. § 427.104(1)(j), which deals with debt collection and provides that it is a violation of that section to "claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Piikkila contends Loritz admitted he knew he was not entitled to the money. Piikkila therefore contends he is entitled to costs and attorney fees. See Radford v. JJB Enters., LTD, 163 Wis. 2d 534, 551, 472 N.W.2d 790 (Ct. App. 1991) (a party who violates the section must pay costs and expenses plus reasonable attorney fees).
¶11. However, when the trial court acts as the finder of fact, it is the ultimate arbiter of witnesses' credibility and the weight to be given to their testimony. Wis. Stat. § 805.17(2). An appellate court must give due regard to the trial court's opportunity to make an assessment of the credibility. State v. Peppertree Resort Villas, Inc., 2002 WI App 207, ¶19, 257 Wis. 2d 421, 651 N.W.2d 345. We do not overturn the trial court's findings of fact unless they are clearly erroneous. Wis. Stat. § 805.17(2). Here, the court heard Loritz's testimony regarding why he thought he was entitled to the money. The court stated:
Several times in response to questions Mr. Loritz said "Oh, I didn't have a legal right." I observed Mr. Loritz' demeanor, his testimony. Quite frankly, I do not believe he was saying, "Oh, yes. This is a privileged claim. I was just trying to harass someone." ... He thought he had a right because he thought they had an agreement orally.
I'm satisfied that there was never any intention on his part through any of these proceedings to attempt to enforce any claim which he didn't believe existed.
Thus, the court stated its reasoning for its determination that Piikkila was not entitled to costs and fees under the statute. Its finding is not clearly erroneous.[5]
By the Court.Judgment affirmed.
This opinion will not be published. See Wis. Stat. Rule 809.23(1)(b)4.
NOTES
[1] This is an expedited appeal under Wis. Stat. Rule 809.17. Also, this appeal is decided by one judge pursuant to Wis. Stat. § 752.32(2). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Loritz owns Tim's Quality Home Restoration, which did the repairs.
[3] The insurance carrier was Standard Fire Insurance Company, one of the Travelers Property Casualty Companies.
[4] The introduction to Wis. Admin. Code § ATCP 110 states, "this chapter is adopted under authority of s.100.20(2), stats. ... a person who suffers a monetary loss because of a violation of this chapter may sue the violator directly under s.100.20(5), stats., and may recover twice the amount of the loss, together with costs and reasonable attorneys' fees."

Wisconsin Stat. § 100.20(5) states, "Any person suffering pecuniary loss because of a violation by any other person of any order issued under this section may sue for damages therefor in any court of competent jurisdiction and shall recover twice the amount of such pecuniary loss, together with costs, including a reasonable attorney's fee."
[5] Piikkila also asserts the court erroneously inserted a good faith element into Wis. Stat. § 427.104(1)(j). The court did state that "I'm satisfied that [Loritz] had a good faith belief that he indeed is entitled to that money." However, the court's statement does not signify a misapplication of the statute's standard. Instead, it was simply part of the court's evaluation of whether Loritz knew or had reason to know he was not entitled to the money. We therefore conclude there was no error.